## DANIEL MARTIN *vs.* DANIEL S. LEMON.

Under the 3rd section of the act with regard to nuisances, the power to remove encroachments on highways, conferred upon a committee appointed by the town for that purpose, can not be exercised by individual members of that committee, where it consists of a plurality of persons.

An act of a public nature, which is to be performed by a committee, may, where merely ministerial, be performed by the members of the committee acting separately, and by a majority of the members.

And it is holden in this state, in a certain class of cases, that an act requiring the exercise of judgment may be so performed.

But, as a general rule, where the act requires the exercise of judgment, the members of the committee must convene, or be notified to convene, and confer on the subject, and a majority thus convened will constitute a quorum and may perform the act; and according to some modern authorities, a majority of the quorum has the same power.

THE facts of this case are sufficiently stated in the opinion of the court.

*Phelps*, for the plaintiff.

*Cothren*, for the defendant.

STORRS, C. J.   The third section of the act to prevent and remove nuisances from highways, &c. (Rev. Stat. tit. xxxviii., sec. 3.) provides, that " if any person &c., shall take any part of a highway into his field or enclosure, or erect any fence thereon, in such manner that such highway is made narrower than before, the selectmen of the town in which the offence is committed, or a committee appointed by the town for that purpose, shall give notice to the person so offending to remove such fence or encroachment within. a reasonable time not exceeding one month after such notice; and if such person shall neglect to remove it, then the selectmen or committee shall remove it, and may recover the expense of the removal from the person making such fence or encroachment." The plaintiff being one of a committee of three persons duly appointed under this section, and acting without the concurrence or advice of any of the other members of the committee, after a notice by him to the defendant to remove an encroachment made by the latter on the highway, and his

Martin *v.* Lemon.

neglect to do so, removed it, and now claims of the defendant the expense of such removal.

His right to recover depends on the question whether he legally possessed the power which he thus exercised; and hence the inquiry is presented, whether, by the true construction of that section, the power of removing encroachments is given to each of the members of such a committee consisting of several persons, acting separately, and without the concurrence of the other members or any of them. We are clearly of the opinion that that statute does not empower each of the members of the committee appointed under it so to act. There is no general legal principle that where, as in this case, an authority to do an act of a public nature is given by law to more persons than one, each of them independently of the others, and without the concurrence of them, or of some of them, may exercise that authority. On the contrary, the rule on this subject is, that in such a case, if the act is merely ministerial in its character, a majority at least must concur and unite in the performance of it; but they may act separately, and need not be convened in a body or notified so to convene for that purpose; but if the act is one which requires the exercise of discretion and judgment, in which case it is usually termed a judicial act, unless special provision is otherwise made, the persons to whom the authority is given, must meet and confer together, and be present when the act is performed, in which case a majority of them may perform the act; or, after all of them have been notified to meet, a majority of them having met will constitute a quorum or sufficient number to perform the act, and according to some modern authorities, the act may be legally done by the direction or with the concurrence of a majority of the quorum so assembled. *Damon* v. *Granby,* 2 Pick., 345, 354.

These appear to be the principles of the common law on this subject. *Grindley* v. *Barker,* 1 Bos. & Pul., 229. *Keeler* v. *Frost,* 22 Barb. S. C., 400. *Perry* v. *Tynen,* id., 137.

The courts in this state however, have gone further, and held in a particular class of cases where the act requires the

exercise of judgment and discretion, that a majority of the persons on whom the authority is conferred may perform it, and that they may act separately for that purpose, and need not act in a board or collective body. *Gallup* v. *Tracy,* 25 Conn., 10. There is no occasion in the present case for pursuing this particular subject further. There is nothing in the act now in question which takes it out of the operation of these principles, or provides that the authority conferred by it may be exercised by one only of the members of the committee mentioned in it. Its terms contain no express delegation to the individual members of the committee of the power given to the committee, nor do those terms imply that they may separately exercise that power. On the other hand, they import that one of them can not so act where the committee consists of more than one person. They prescribe that the acts therein authorized shall be done by a " committee," and there is nothing to indicate that they may be done by a particular portion of the persons composing it. This term, when it is applicable, as it is in the present case, to more persons than one, is a collective word, or, as grammarians would say, a *noun of multitude,* and indicates a plurality of persons. The expression which is thus used in the act is therefore not appropriate to express the idea that the power conferred on a committee may be exercised by each individual member of it separately. And accordingly, as a reference to our statutes will abundantly show, wherever an authority is conferred by a statute on several persons, by whatever term they are designated, and it is intended that a particular portion of them may exercise that power, it is usual to insert some phrase which expresses such intention. We also infer from the magnitude of the power which is given by the act in question to the committee of encroachments, and the serious consequences which might ensue to the persons on whom it is brought to bear, that it was the intention of the legislature that it should not be exercised by one only of the members of the committee on his sole judgment and opinion, but that it was designed that its

exercise should be the result of deliberation and consultation between them.

We therefore advise the superior court to render judgment for the defendant.

In this opinion the other judges concurred.