JEREMIAH TOWNSEND v. THE TRUSTEES OF SCHOOL DISTRICT No. 12, IN THE COUNTY OF ESSEX.

1. The employment of teachers by school corporations is an act judicial in its character, and should be done at a meeting of the trustees, of which all should have notice, and have opportunity to participate in.
2. Office of trustee is not vacated by an unaccepted resignation.
3. District Courts have not jurisdiction in actions against municipal corporations.

On *certiorari* to Essex Common Pleas.

Argued at February Term, 1879, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *S. Kalisch.*

For the defendant, *J. L. Munn.*

The opinion of the court was delivered by

KNAPP, J.   This action was brought by the plaintiff in *certiorari* in the Second District Court of the city of Newark, to recover three months' salary as a school teacher, at the rate of $60 per month, under a contract dated August 21st, 1877, alleged to have been made by the defendant.   By the terms of this writing the plaintiff was employed to teach the public school of said district for the period of ten months, commencing on the 1st day of September, 1877, for the compensation above mentioned, to be paid monthly.   No services were actually rendered by the plaintiff under this contract, but for the period of three months he held and tendered himself to

Townsend v. School Trustees.

the defendants as ready to perform the services according to the contract. Judgment was rendered for the plaintiff for the sum of $180 in that court, which judgment, in the Court of Common Pleas of the county of Essex, on appeal, was reversed, and judgment of non-suit ordered. The writ of *certiorari* brings up that judgment for review.

It appears in the case that the contract was on behalf of the school corporation, signed by two of the three trustees thereof, the other taking no part in the transaction, and, so far as appears, was entirely ignorant of it. It was not acted upon at any meeting of the board of trustees, as none was called for that purpose. The contract was drawn by the plaintiff, and the names of the signing trustees obtained separately by him; it was never presented to the other for his signature or approval. Under this state of facts the Court of Common Pleas non-suited the plaintiff, holding that a corporate act was necessary in the employment of a teacher, and that the contract sued on was not a corporate act. The correctness of this judgment of the Common Pleas is the matter for review.

By section thirty-eight of the school law, (*Rev.*, *p.* 1076,) the trustees of every school district are created a body corporate by a designated name, and as such are capable of suing and being sued, purchasing, holding and conveying real and personal estate for the use and benefit of the schools of their district; and may have a corporate seal. The thirty-ninth section empowers the board of trustees of any school district, among other things, to employ and dismiss teachers, and to fix, alter and order paid their salaries and compensation.

The duty of these trustees, in the selection of teachers, was not ministerial merely; they were obliged to examine into the qualifications of teachers, and to exercise judgment and discretion in their selection; it was the performance of an important public duty, in the execution of which conference and comparison of judgments were necessary in reaching proper results. It was an act judicial in its nature, and the general rule governing such bodies so acting is, unless special provision of law is otherwise made, that all must meet, or have

notice to meet, when official action is intended. *Martin* v. *Lemon,* 26 *Conn.* 192 ; *Grant on Corp.* 156 ; *State* v. *Ferguson,* 2 *Vroom* 124.

In *Charles* v. *City of Hoboken,* 3 *Dutcher* 205, it is stated, as a general rule, that where a number of persons are appointed to act judicially, they must all confer, though a majority may decide. *Dillon on Mun. Corp.,* § 221. It was clearly not the intention of the legislature in the school law, to confer upon the individual members constituting the board of trustees the power of acting separately in the selection and appointment of teachers. The intention was to have them act and confer together ; the result of their combined judgment, or of the majority of them, constituting a single act. In this case there was no conference between the members of the corporation, neither was there the entire concurrence of all. One of them had no opportunity afforded him of expressing any judgment on the matter. Nothing appears upon the minutes kept of the proceedings of these trustees of the fact of the plaintiff's appointment. So loose a method of appointing and contracting with teachers must, if practiced, result in great confusion, and be detrimental to public interests. The appointment should be made by a majority of the members convened for the purpose, and with notice to all the members of the meeting, that they may be present and participate. The contract may either be in writing or parol, but in either case it is the contract of the corporation, and not of the individual members. The plaintiff seeks to break the force of this objection, by the fact which appears in the case, that before any action was taken by the members of the board who signed this writing, the other member had tendered his resignation to the county superintendent, and had declared the purpose to participate no further in performing the duties of his office. But if his office had become vacant upon tendering his resignation, the fact still exists that those who remained in office acted without legal conference in making this contract. It is an error to suppose that the mere tender of resignation vacated the office. One holding a public office of this

character cannot lay it down at his mere pleasure; an accept-
ance by the county superintendent of the resignation tendered
was necessary to that result. *State* v. *Ferguson*, 2 *Vroom* 122.
No such acceptance had taken place, and it was his right, as
well as his duty, to have taken part in this action, and he
should have received notice.

The question is raised whether the District Court had juris-
diction of this action, it being against a corporation public in
character. It has been decided in this state that an action
will not lie in the justice's court against a municipal corpora-
tion because of the absence of legal power to serve its process
on the defendant. *Mayor, &c.,* v. *Horton,* 9 *Vroom* 88; *D.,
L. & W. R. R. Co.* v. *Ditton,* 7 *Vroom* 361; *Inhabitants of
Princeton* v. *Mount,* 5 *Dutcher* 299.

It is true, in the case of *Apgar* v. *School District No.* 4, 5
*Vroom* 309, as well as in *Sproul* v. *Smith,* 11 *Vroom* 314, there
may appear to be an implied recognition of the right to sue a
school corporation in a justice's court, but, in the former case,
the fact of suit having been brought and judgment recovered
in a justice's court, merely arose as an incident in the history
of the cause, the proceeding being for *mandamus,* to compel
payment of money to a teacher out of a fund devoted to that
purpose; while, in the other case, the suit was brought against
the individual trustees. One sentence in the opinion of Jus-
tice Dalrimple would seem to indicate his view to be, that a
suit in a justice's court could not be maintained against such
corporation. Now, it seems to me that the same legal diffi-
culties which stand in the way of a suit in a justice's court are
to be found in the District Court act; the provisions for serv-
ing summons on corporations in that act being identical with
those of the seventy-sixth section of the small cause act.
*Rev., p.* 1304, § 23.

I am therefore of the opinion that under the adjudications
in this state, the District Court had not jurisdiction of this
action. No distinction is to be made between municipal cor-
porations generally and the *quasi* corporations controlling
schools, in that respect. The provisions for service of process

on corporations found in the two acts named, are as inapplicable to the one as the other.

The Court of Common Pleas was right in its judgment non-suiting the plaintiff, upon either of the grounds stated, and should be affirmed.