Marvin, J.
The relator was a member of the police force of the City of Cleveland. The respondent is the director of police o? said city.
On the 2nd of May, 1899, the Relator was charged by the •defendant, in writing, in the following words:
.“That the said Detective, C. O. Klaue did use his influence as an officer, and while at voting booth precinct A, Second Ward, to induce divers persons to vote for R. E. McKisson for Mayor, also that he did distribute money to ■one Frank Harborgrass and James Cunningham for the purpose of influencing them to vote for R. E. McKisson’s reelection, all of which is contrary to rule 28 of Rules and Regulations governing the police force of the city of Cleveland, Ohio.”
Sometime in the said month, said charge was referred to a tribunal provided by law, consisting John H. Farley, Mayor of the City of Cleveland, Thomas H. Hogsett, Director of Law of said city, and George H. Billman, President of the Council of said city Later in the same month, said charge was partly heard, was continued from day to day; witnesses were said tribunal; and in August of 1889, said relator was, by a majority of said tribunal, to-wit, the Mayor and the Director of Law, found guilty under said charge; and, thereafter, on the 19 of September, 1899, the following noti'ce was served upon .the relator:
September 19, 1899.
“Lieut. Charles O. Klaue, ■
“Central Police Station.
"Sir:
“In the matter of the charges preferred against you— the majority of the members of the tribunal found you guilty as charged in the Fourth Specification of said charge, in that you did use your influence as a police «••fficer, anil while at the voting booth, Precinct A, in the Second Ward, you induced divers persons to vote for one R. E. McKisson, then a candidate for Mayor, and that you did interfere at said election and while on duty with divers voters of the city of Cleveland, contrary to the letter and spirits of Rule' 28.'
*106 “You are therefore notified that you are discharged from thé Cleveland Police Force.
■ “By order of M. F. Barrett, Director of Police,
“John Vanek, Secretary.”
■ ■ • Since the date of said communication the relator has been deprived of his office upon the police force, and he seeks, by mandamus, to be restored to the position which he occupied before he was discharged as already set out.
. Rule 28 of the police force, referred to in the charge, reads:
• . “No one will be appointed on the police for his religious or political opinions, and members of .the force will avoid all religious or political discussions in the station house or elsewhere. They shall not interfere or make use of the influence of their office in elections, but may quietly exercise the right of suffrage as other citizens.”
. On hearing of this case, we held that we could not inquire into the facts upon which -the relator was tried, nor into the proceedings before the tribunal by which he was tried.
There remain, however, two questions to be determined: ,ist. Was the finding of the relator guilty b}' two members pnly of the tribunal, such a finding by the tribunal as would .authorize the punishment? 2nd. Was the charge one of which the tribunal could take cognizance?
It is urged on the part of the relator, that, where a tribunal is fixed by law, to consist of a certain number of members, and no provision is made that any number less than the entire tribunal may act upon the matter submitted, or may determine the matter; that except all take part in the hearing and all unite, or at least take part in the finding and sentence, such finding and sentence are invalid. Attention 'is called to the fact that, under the statutes, in most cases •where tribunals consisting of a fixed number of persons, are established, it is specially provided what number shall ‘constitute a quorum, and that the majority of such tribunal may act for the, entire tribunal, and that no such provision is made in the statute under which the tribunal which tried tfje relator, was organized.
"This tribunal is provided for in section 1545-24 of the Re *107 vised Statutes, and provides that an officer of the police force shall not be removed without a public hearing, if demanded by the accused, before a tribunal composed of the mayor, who shall be chairman thereof, the director of law and the presideftt of the city council.
“A public hearing; if demanded by the accused, before a tribunal composed of the mayor, who shall be chairman thereof, the director of law and the president of the city council.”
No provision is anywhere made as to what number of this tribunal shall concur in its finding.
In the case of David Young v. Buckingham et al., 5 Ohio R. 485, this language is used in the head note:
" “Commissioners appointed to appraise lands to be condemned for public uses, the concurrence of a majority binds the minority.”
A question under consideration in the case, was, as to the valuation of lands taken for the use of the public. This was under the constitution of 1802, which did not require a$ our present constitution does, the trial by jury to determine the compensation to be paid for such lands; and the statute, then in force, required that lands so taken, should be valued by three free-holders. The court, on page 490, use tills language:
“The proceedings of the court show the valuation made and the amount tendered, but that although all the appraisers were present and acting, that two only united in the appraisement. It is objected that the dissent of one invalidates the appraisal, for it is insisted that a strict execution of powers must be shown. * * * The determination of this point depends upon the nature of the powers to be executed by the commissioners. Ip. the execution of a power delegated for purposes merely private, it is necessary that all should concur in the act; as in cases of trustees, arbitrators, etc. But if the persons be entrusted with powers in some respects of a general nature, or for public objects, if all are acting, a majority will conclude the minority, and their act is the act of the whole. * * * It is evident that this power was confided to those commissioners for public objects, since the taking the land from *108 McIntyre can be justified upon no other ground than that it ¡w¿s¡ demanded by public interest.”
e- In the case now under consideration, all the members of Jthe tribunal acted, but, so far as appears, but two united in the finding and sentence of the relator. . It can hardly be /doubted! that.the powers! and duties of this tribunal are of a .'general' nature and for public objects,' and that if the lang'Page:¡used by Judge Lane in the.case just quoted from, is, the law, then the concurrence of the two members who signed ¡the' finding, of the.tribunal- was sufficient.
In the case of Thomas Brophy v. Fannie Landman, 28 Ohio St., 542, the cibtirt had 'under consideration a report recommending a cér'taiii street improvement in the city of Toledo. -The laW required that the board' upon whose recommendation ífhe';¡¡improvement' might, be made, should consist of thrée commissioners to be elected by the city who," together ■ with Jthe ¡rhayor and ,the -civil engineer, should constitute the Board ¡ofvG-ity;’Improvements.- When the matter of passing upon ¿whether,this,'improvérnént should be made, was taken up, íth'ere. were present only the mayor, engineer and one com,missioner, 1 being, three out of the, five members of the board., .¡Upon a! vote being,' taken as to. whether the improvement -sHii)uld. foe'made,-, the mayor and the engineer voted for it, and the single commissioner who was present voted against it; '.and the Court -held /that this did not constitute, a recommenda!tiori."of-the:board;'• It will be noticed that, in this case, only -a majority of the entire board met, to-wit, three out of fiye, ¿ahd. only-a majority of this majority voted in favor of the im/proveijnent ;■ so that, only a minority of the entire board voted /for the improvement. The court does not determine in this •case, whether, if all those present had voted for the improvement,, it would have been sufficient; but, on page 545, this language is used:
" “If'the three elements of the board of improvements con'vened, the mayor and civil engineer and board of commis■'sioners, it may be that a majority of those three elements ■ can act in making the necessary recommendation, but these conditions are not satisfied, when only one of a board of three ¡Convenes.”
*109 ' And, again, on page 546, the court say:
■' “We do not how decide that it is impossible for three df this board ” (of five persons) “to transact its business.' ‘But whatever number is'present at a méeling, in order to make a vali.d recommendation in the matter of public improvements, it is necessary that there should be at least three votes in'it’s favor.” ■' ' ' ’ ‘ ' V ,,
In-the case of Mary A. Britt v. Eugene T. Lewis, Auditor, et al. 16 Cir. Ct. Rep., 343, it is held that
“Where an authority has been delegated to a board or cpfh'mftteé, permanent and continuous in its nature and organization,'the authority thus delegated to such board or committee ¿lay be exercised *and'performed by a majority of' the whoíé number, if all have been notified to, attend the'meeting. ;Áiid 'if á majority do attend, their act will bind the whole body.
“Where one member of the board of equalization' of Cincinnati was absent for two-weeks, by leave of' the "board after its organization for the year, and while it" was holding •regular meetingá 'daily the 'remaining members' may meet! and continue the work of the' board, and' their action' will be the legal action of the board.”
• ■’■‘On'págé 346, of'the opinion, in the'case last' cited,' there is-a clear mistake, for Judge Dougláss'is rháde to say, “In -the case of Young v. Buckingham, 5 Ohio St., 485, com-missioners were appointed to perform a single .act,' namely, to appraise property, and it was held. that, two 'could! 'not -bind all.”
The mistake is apparent, because the.casé referred,to.Is reported in the 5th Ohio, not in the 5th Ohio' St., and is the case quoted from in this opinión, and the holding wás .'that ■'the acts of the two commissioners did bind all..' ' ' ,
In the case of Martin v. Lemon, 26 Conn., 192, this,language is used in the syllabus: '
“An act of a public nature, which is' to be performed by a committee, may, where merely ministerial, be performed by the members of the committee acting separately, and by a majority of the .members. ', ' . “
“And it is holden in this state, in a certain class of cases, that an act requiring the exercise of judgment may be so performed.
*110 “But, as a general rule, where the act requires the exercise qf judgment, the members of the committee must convene, pr be notified to convene, and confer on the subject, and a majority thus convened will constitute a quorum and may perform the act; and according to some modern authorities, at ,majority of the quorum has the same power.”
In the case of People ex rel. Loew v. Batchelor, 22 Barb., 310, this language is used:
“In case of a delegation of a public authority to three or more persons, the authority conferred may be exercised! and performed by a majority of the whole number. If the act to be done by virtue of public authority requires the exercise of discretion and judgment, (i. e. if it is judicial), ¡the persons to whom the authority is delegated must meet árid confer together, and be present when the act is performed; or at least a majority must meet, confer, and be ¡present after all have been notified to attend.”
We are of opinion that the finding of the two members of this board, whose names are attached to such finding, is, in law, a finding ot the board.
Upon the other question it is urged, on the part of the relator, that the charge made against him is not sufficiently specific, and that the finding does not show that the 'relator was found guilty of any specfic thing charged against him.
It is, without doubt, true that there must be such specifications contained in the general charge, or separately stated, as sets forth the facts upon which the general charge is based, and will notify the accused person of the thing which| he is to meet at the trial.
_ Perhaps, the better way in this case would have been to have made the general charge “Violation of Rule No. 28,” and then, under a specification, have set out the facts which, it was claimed, constituted such violation. And yet there .were distinct things alleged against the relator, in this charge. ,It is said that the language, “C. O. Klaue did use his influence as an officer and while at voting booth precinct A, second ward, to induce divers persons to vote for R. E. "McKisson for mayor,” is too indefinite to apprise the accused óf what he is to meet. Whether this is well taken or not, *111 the'further language of the charge is that he “did distribute frioney to one Frank Harborgrass and James Cunningham for the purpose of influencing them to vote for R. E. Mc-Kisson’s re-election.” Now, the language of the rule is, "They shall not interfere * * * in elections, but may quietly exercise the right of suffrage as other citizens.” In' the quotation just made, the words, “or make use of thé influence of their office,” are omitted, but they are omitted to show .that the interference prohibited is not necessarily an official interference.
The rule undertakes to do two things: First. To prevent the person holding the office, from interfering in elections,not necessarily interfering in his official capacity, but he is prohibited-from interfering at all as is clearly manifest by. the last clause' of the rule, which reads: “But may quietly, exercise the right of suffrage as other citizens.” ';
Here the relator was charged with distributing money,.to voters to induce them to vote for a given candidate. Surely, this yvas interfering in an election, and was something beyond that which he was permitted to do, to-wit,. “exercise the righjt of Suffrage as other citizens.” •>
l .. Of course, he could not officially distribute money; to voters. Such conduct would be entirely outside of ¡any official duty which could be performed by a policéman;. ¡and }ve think there was a distinct specification of something done by the relator in violation of the rule. ¡
. The finding is, that, he did violate, the rule, in using! his influence as an officer, and that he interfered in the election.
We must suppose that he was found to have interfered in the manner charged against him; and that being true, wé caiinot say that the tribunal exceeded its powers in hearing and. determining the charge made against the officer.
^ The length of time which elapsed between the dismissal of 'the relator from the police force, and the time when -this action was brought, a period of about fourteen months, is one which we can not overlook; but we do not hold that,.’in w clear case, such lapse of time would' be held as a bar 'io tfle proceeding in the manner here sought.
Dawley & Meals, for Relator.
Hogsett, Beacom, hxcell, Gage, & Carey, for Respondent.
Holding as we do, that we can hot go into the evidence of what the real fact is as to the conduct of the officer, nor into the facts as to what was done before the tribunal by which he was tried, the conclusion reached is that the petition must be dii-missed at the costs of the relator.