SPYROS GIANNOPOULOS ET AL. *v.* MARY CORBIN
(3745)

BORDEN, DALY and BIELUCH, Js.

Argued March 19—decision released June 3, 1986

*James W. Shea,* for the appellant (defendant).

*Brian M. Gildea,* with whom, on the brief, was *Charles M. Batt,* for the appellees (plaintiffs).

DALY, J. This appeal arises from a summary process action brought by the plaintiffs claiming possession, under a warranty deed, of certain real estate. At trial, the defendant made an objection to the admission of the warranty deed into evidence which was overruled by the trial court. From the trial court's judgment in favor of the plaintiffs for possession of the premises, the defendant appeals claiming that, pursuant to General Statutes § 47-6, the deed was defective on the ground that it was not witnessed by two disinterested, competent witnesses.[1]

The plaintiffs, Spyros and Angelo Giannopoulos, instituted this summary process action to recover possession of the first floor apartment at 23-25 North Street located in Hamden. The plaintiffs had purchased the premises on April 19, 1983 from the defendant. One of the conditions of sale was that the plaintiffs were to share occupancy of the first floor apartment with the defendant for six months. When the defendant failed to grant occupancy of the premises, the plaintiffs issued a notice to quit possession and upon the defendant's failure to vacate, instituted this action. From a judgment rendered in favor of the plaintiffs, the defendant has appealed.[2]

In support of her claim that the warranty deed was not witnessed by two disinterested, competent witnesses, the defendant relies on *Winsted Savings Bank* v. *Spencer*, 26 Conn. 194 (1857), as the prevailing law. There, the court held that the land statute which provides that the signing by the grantor shall be attested by two witnesses has always been considered "as requiring that deeds should be attested by disinterested or competent witnesses; witnesses who could testify

---

[1] The defendant's attorney and real estate agent were the witnesses to the execution of the deed.

[2] All issues in this action and in a companion case were resolved in favor of the plaintiffs.

in court in respect to the execution, upon any controversy that might arise in respect to it." Id., 199. In *Winsted,* for example, a stockholder in a private corporation was not deemed to be disinterested.

General Statutes § 47-6, which the defendant maintains is applicable to corporate transactions only, provides: "Conveyances of real estate made to or by any corporation . . . may be attested by witnesses interested therein, and may be acknowledged before properly authorized persons who are so interested." Even if we assume that the defendant is correct, the enactment of General Statutes § 52-145 (a), which provides in relevant part that "[a] person shall not be disqualified as a witness in any action because of, (1) his interest in the outcome of the action as a party or otherwise . . ." overcomes the objection since interest no longer disqualifies one from being a witness in a case or from being able to testify to the execution of a deed.

Any defect in the witnessing, moreover, was cured by the validating act of 1983; Spec. Acts 1983, No. 83-7, § 12; which provides in pertinent part: "any deed . . . made for the purpose of conveying . . . real property in any way . . . which . . . (d) was attested by one witness or by no witnesses . . . [is] validated." The deed was, therefore, properly admitted into evidence.

There is no error.

In this opinion the other judges concurred.