[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR COUNSEL FEES
CT Page 2289
The parties to this action have filed motions for counsel fees.
The court has reviewed the criteria set forth in General Statutes, Secs. 46b-62 and 46b-82, the court file, and the transcript of the dissolution hearing on August 3, 1993. The court notes that at that hearing Attorney Piazza for the defendant states that "the alimony will begin on August 1." (Transcript, August 3, 1993, p. 22.) The defendant asserts that no specific date for alimony payment was provided for at the time of the dissolution. He further asserts that it is therefore due on the third and that he sent his payments on or about the third of most months. The court does not agree that alimony is due on the third of the month and finds that alimony is due and payable on the first of each month.
In addition to defendant's concession that he failed to make some payments in a timely manner, he also mailed the payments to addresses he knew, or should have known from his attorney, were incorrect. Therefore, alimony and lump sum alimony payments, the due date for which were clearly set forth in the August 3, 1993 agreement, were further delayed in reaching the plaintiff. (For instance, he mailed payments to Greenwich, Connecticut, although notification was given that his wife's address was Greenoaks Circle in Atlanta, Georgia; he continued to send mail to the Greenoaks address even though notified that her address was Oak Park Circle, Atlanta.) As a result, the plaintiff filed numerous motions for contempt.
 In a contempt proceeding, even in the absence of a finding of contempt, a trial court has broad discretion to make whole any party who has suffered as a result of another party's failure to comply with a court order. Papa v. New Haven Federation of Teachers, 186 Conn. 725, 737, 444 A.2d 196 (1982). Such court action, however, must be supported by competent evidence. See Cologne v. Westfarms Associates, supra. Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, `due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.' Lampasona v. Jacobs, 7 Conn. App. 639, 642-43, 509 A.2d 1075
(1986), quoting Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983). (Emphasis added.)
CT Page 2290
Nelson v. Nelson, 13 Conn. App. 355, 367 (1988).
The court finds that the more credible evidence, as well as a review of the court file, supports the court's conclusion that the defendant pay the plaintiff $5,000 in attorney's fees. The court makes this award so as not to undermine the distribution of property, some of which the plaintiff has not received because such distribution was not yet due under the August 3, 1993 agreement.
The court further finds that the defendant's failure to notify the plaintiff of the date of the minor child's bar mitzvah, his placing of her personal property outside the home in the rain, even though covered by a "tarp," and his inclusion of articles regarding sexual abuse in envelopes enclosing alimony checks, is contemptible and callous but does not rise to the level of a civil contempt. There was insufficient evidence also of his culpability with regard to the division of personal property to be mediated by the Family Services office.
The court denies the defendant's motion for counsel fees. The court found his explanations self-serving, unconvincing, and proof that he refused to cooperate with the letter and the spirit of the August 3 agreement.
Leheny, J.