MICHAEL HANNAFORD, ADMINISTRATOR (ESTATE OF RUTH GORYN) *v.* DAVID MANN ET AL.
(AC 32731)

Robinson, Alvord and Pellegrino, Js.

Argued October 28, 2011—officially released March 20, 2012

*William J. Sweeney, Jr.*, for the appellant (plaintiff).

*Peter M. Van Dyke,* for the appellee (named defendant).

*Opinion*

ROBINSON, J. The plaintiff, Michael Hannaford, acting in his capacity as the administrator for the estate of his aunt, Ruth Goryn, appeals from the judgment of the trial court denying his motion for summary judgment on count one of his complaint against the defendant, David Mann,[1] and granting the defendant's cross motion for summary judgment on count one.[2] The plaintiff argues that the court erred by determining that a deed and a power of attorney given to the defendant by Goryn were valid despite the fact that the defendant acted as an attesting witness to both documents. We agree and, therefore, reverse the judgment of the trial court.

The following facts are not in dispute. The defendant befriended Goryn while performing general landscaping duties for her at her home in Glastonbury (Glastonbury property). On March 26, 2009, Goryn executed a quitclaim deed purporting to convey the Glastonbury property to the defendant. That same day, Goryn signed a document giving the defendant her power of attorney and appointing the defendant as her health care agent. Both the deed and the power of attorney were acknowledged before a notary public and were attested to by two witnesses, one of whom was the defendant.

---

[1] The complaint also alleged counts against the defendants New Alliance Bank, Rockville Bank, Bank North N.A., Webster Bank, Bank of America and Hartford Hospital. The plaintiff withdrew the counts against the defendant banks. The count against Hartford Hospital, however, is still pending before the trial court. Because Hartford Hospital is not a party to this appeal, we refer to Mann as the defendant throughout this opinion.

[2] The denial of a motion for summary judgment is ordinarily not an appealable final judgment; however, if parties file cross motions for summary judgment and the court grants one and denies the other, this court has jurisdiction to consider both rulings on appeal. See *Misiti, LLC* v. *Travelers Property Casualty Co. of America*, 132 Conn. App. 629, 630 n.2, 33 A.3d 783 (2011). Additionally, because count one was the only count of the complaint brought against the defendant, the court's disposition of that count constituted an appealable final judgment. See Practice Book § 61-3.

The deed was recorded on the Glastonbury land records on May 19, 2009, the day after Goryn was admitted to Hartford Hospital, where she died on May 22, 2009.[3] On June 30, 2009, the Probate Court for the district of Glastonbury appointed the plaintiff as administrator of Goryn's estate. On July 1, 2009, the plaintiff commenced this action and recorded a notice of lis pendens as to the Glastonbury property.

The plaintiff alleged in count one of the complaint that the quitclaim deed and the power of attorney that Goryn executed in favor of the defendant were invalid because the defendant acted as a witness to both. According to the complaint, the defendant has possession of the Glastonbury property "and has taken for his own use personal property located within the home which rightfully belongs to the [e]state." The plaintiff also alleged that the defendant used the power of attorney to withdraw a substantial amount of money from several of Goryn's bank accounts. By way of relief, the plaintiff sought a declaration that the quitclaim deed and the power of attorney were invalid and an order requiring the defendant to return all personal and real property conveyed or transferred to the defendant pursuant to the quitclaim deed or the power of attorney.[4]

The plaintiff filed a motion for summary judgment claiming that, because the quitclaim deed and the power of attorney were not properly executed and witnessed according to statute; General Statutes §§ 1-43 and 47-5 (a); he was entitled to summary judgment on count one

---

[3] According to the allegations in count seven of the complaint, which is still pending before the trial court, the defendant used his authority as the decedent's health care agent to have the hospital remove the decedent from life support systems.

[4] We note that the complaint does not contain any allegations of undue influence or fraud on the part of the defendant in obtaining the deed or the power of attorney. There are also no allegations that the defendant breached his fiduciary duty or otherwise exceeded his authority under the power of attorney.

as a matter of law. The defendant filed a combined opposition to the plaintiff's motion for summary judgment and cross motion for summary judgment. The defendant argued that he was a proper witness to the deed and to the power of attorney and that, because the propriety of his acting as a witness to those documents was the only challenge raised by the plaintiff as to the validity of the documents, he was entitled to summary judgment in his favor.

The court heard argument on the motions for summary judgment, at which time both parties agreed that there were no genuine issues of material fact in dispute surrounding the execution of the deed and the power of attorney and that the issue before the court was purely legal in nature. Both parties agreed that the plaintiff's decedent signed the written documents in question and that her signature properly was acknowledged before a notary public. Further, the parties agreed that each document contains the signatures of two witnesses, one of whom was the defendant. There is no challenge to the validity of the other witness. The sole issue before the court, therefore, was whether the quitclaim deed and the power of attorney were rendered invalid as a matter of law because the defendant acted as one of the attesting witnesses. On September 14, 2010, the court issued a written decision in which it concluded that the presence of the defendant as a witness to the quitclaim deed and to the power of attorney did not render them invalid. The court denied the plaintiff's motion for summary judgment and granted the defendant's motion for summary judgment. This appeal followed.

The following standard of review is applicable to the claims raised in the present appeal. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Brooks* v. *Sweeney*, 299 Conn. 196, 210, 9 A.3d 347 (2010).

In the present appeal, the plaintiff challenges the court's determination that the quitclaim deed and the power of attorney were valid as a matter of law and, therefore, that the defendant was entitled to judgment as a matter of law on count one of the complaint. Accordingly, we must decide whether the court's determination concerning the validity of the documents was legally and logically correct.

We first turn to the validity of the quitclaim deed. The plaintiff claims in his brief that there is a "genuine issue of material fact as to the validity of the quitclaim deed and the defendant is not entitled to judgment as a matter of law." As previously stated, however, the issue before the trial court, and now this court on review, does not implicate any disputed facts but presents a pure question of law. For the following reasons, we conclude that the court's decision to render summary judgment in favor of the defendant upholding the validity of the deed was not legally and logically correct.

"General Statutes § 47-5 sets out formal requirements for conveyances of real property." *Treglia* v. *Zanesky*,

67 Conn. App. 447, 449, 788 A.2d 1263 (2001), cert. denied, 259 Conn. 926, 793 A.2d 252 (2002). Section 47-5 provides in relevant part that "(a) All conveyances of land shall be: (1) In writing; (2) if the grantor is a natural person, subscribed, with or without a seal, by the grantor with his own hand . . . . (3) acknowledged by the grantor, his attorney or such duly authorized person to be his free act and deed; and (4) attested to by two witnesses with their own hands. . . ." There is no dispute between the parties that the first three requirements were met in the present case. The controversy concerns compliance with the fourth requirement; specifically, whether the defendant as the grantee properly could act as one of the two attesting witnesses.

In its decision on the motions for summary judgment, the court correctly noted that the statute itself is silent as to who properly may act as a witness to a deed. The court suggests that in support of his argument that the defendant was not a proper witness to the deed, the plaintiff "primarily relies" on an early Supreme Court case, *Winsted Savings Bank & Building Assn.* v. *Spencer*, 26 Conn. 194 (1857) (*Winsted Savings Bank*). In fact, the plaintiff never raised or cited *Winsted Savings Bank* in support of his argument;[5] rather, that case was first discussed in the defendant's opposition and cross motion for summary judgment. It is nevertheless helpful to begin our analysis with a discussion of *Winsted Savings Bank*.

The court in *Winsted Savings Bank* held that witnesses to a deed must be disinterested at the time of

---

[5] The court also mistakenly stated that the plaintiff cited to the standards of title of the Connecticut Bar Association for the proposition that the required witnesses to a deed must be disinterested persons. The court rejected the argument without analysis merely stating that the standards are "advisory and are reflective of local custom and do not have the authority of law." The plaintiff actually cited the standards for the proposition that a deed may never be witnessed by a grantor or a grantee, which argument this court will address later in this opinion.

attestation.[6] Id., 198–200. The court explained: "[T]his is an ancient statute, and as we suppose, has by the profession always been considered as requiring that deeds should be attested by disinterested or competent witnesses; witnesses who could testify in court in respect to the execution upon any controversy that might arise in respect to it." Id., 199. Ultimately, the court determined that a shareholder of a corporation was not disinterested as to a mortgage deed given to the corporation, and, thus, the shareholder could not act as a witness to that deed. Id. 199–200. The grantee of a deed, as its direct beneficiary, has a more direct pecuniary interest in the transaction, and, therefore, under the rationale of *Winsted Savings Bank*, a grantee could never act as an attesting witness to a deed.

The trial court rejected any notion that the holding in *Winsted Savings Bank* provided a basis for finding that the quitclaim deed in the present case was invalid, stating that "[t]he current state of the law . . . is much more forgiving" and that "no modern case in Connecticut has made a ruling that the witness to a deed must be disinterested . . . ." In support of its rejection of the holding in *Winsted Savings Bank*, the court relied on our decision in *Giannopoulos* v. *Corbin*, 7 Conn. App. 601, 509 A.2d 1075 (1986).

In *Giannopoulos*, a defendant in a summary process action appealed from her unsuccessful objection to the admission of a warranty deed evidencing her transfer of the subject premises to the plaintiffs. Id., 602. The defendant argued at trial and on appeal that the deed was invalid because the two witnesses to the deed— the defendant's attorney and her real estate agent—

---

[6] The land conveyance statute at that time was a predecessor statute to § 47-5 and similarly provided that the " 'subscribing of the name of the grantor shall be attested by two witnesses' "; *Winsted Savings Bank & Building Assn.* v. *Spencer*, supra, 26 Conn. 199; which is essentially the same requirement set forth in § 47-5 (a) (4).

were not disinterested as required by *Winsted Savings Bank*. Id. and n.1. Ultimately, this court concluded that the trial court did not err by admitting the deed into evidence because "[a]ny defect with the witnessing . . . was cured by the validating act of 1983; Spec. Acts 1983, No. 83-7, § 12; which provid[ed] in pertinent part: 'any deed . . . made for the purpose of conveying . . . real property in any way . . . which . . . was attested by one witness or by no witnesses . . . [is] validated.' " *Giannopoulos* v. *Corbin*, supra, 7 Conn. App. 603.

Before reaching that conclusion, however, this court also briefly mentioned General Statutes § 52-145 (a). Id. The court stated: "[T]he enactment of . . . § 52-145 (a), which provides in relevant part that '[a] person shall not be disqualified as a witness in any action because of, (1) his interest in the outcome of the action as a party or otherwise . . . .' overcomes the objection [to the admission of the deed into evidence] since interest no longer disqualifies one from being a witness in a case or from being able to testify to the execution of a deed." Id.

The court in the present case, relying on the implication in *Giannopolous* that the legislature's enactment of § 52-145 (a) overruled *Winsted Savings Bank*, concluded that "witnesses with an interest are not disqualified or invalid" and, therefore, determined that the defendant's presence as a witness did not render the quitclaim deed invalid. The court, however, did not adequately address the plaintiff's actual argument, which was not simply that the defendant was disqualified to act as a witness because he was an interested party but, rather, that he was disqualified because, as the grantee of the deed, he was more than just an interested witness, he was an actual party to the transaction. The court rejected the argument, stating only that there are no cases on record that have distinguished an interested

witness from one who is a beneficiary of a deed; however, that observation does not mean that such a distinction is unwarranted.

In construing the requirement in § 47-5 that a valid deed must be attested to by two witnesses, we are cognizant that "[t]he principles of statutory construction . . . require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." (Internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998). The use of subscribing witnesses to a deed serves the purpose of assuring that the conveyance is genuine and not fraudulent. *Webster Bank* v. *Flanagan*, 51 Conn. App. 733, 739, 725 A.2d 975 (1999). The two witnesses in *Giannopolous*—the grantor's attorney and her real estate agent—had only an indirect interest in the conveyance that they witnessed as distinguished from the direct interest of a grantor or a grantee. There is a more profound risk of a fraudulent conveyance if grantors and grantees are permitted to act as the statutorily required witnesses to their own deeds. Reading § 47-5 (a) (4) as allowing such a procedure essentially would evade and render superfluous the statutory requirement that a deed be attested to by two witnesses. "Because [e]very word and phrase [of a statute] is presumed to have meaning . . . [a statute] must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant." (Internal quotation marks omitted.) *PJM & Associates, LC* v. *Bridgeport*, 292 Conn. 125, 138, 971 A.2d 24 (2009).

The defendant argues in his brief that the legislature has included language in other statutory provisions specifying who may or may not act as a witness. For example, General Statutes § 19a-576, which authorizes a person to execute a document appointing a health care representative, provides in relevant part that "[t]he

person appointed as representative shall not act as witness to the execution of such document or sign such document."[7] The defendant would have us conclude that the lack of language in § 47-5 indicating who can act as a witness to a deed means that anyone legally may act as a witness. We cannot conclude, however, that the legislature's failure to state expressly that a grantor or grantee may not act as an attesting witness indicates an intent to condone such a practice, as such a reading would thwart the intended purpose of the witness requirement.

There is additional legal support for concluding that the grantee of a deed cannot act as a witness to that deed. Corpus Juris Secundum notes that "[a]s a general rule, one who is a party to a deed . . . is not a competent attesting witness, as where he or she is a grantee or a cograntor." 26A C.J.S. 95–96, Deeds § 67 (2011). Also, the standards of title of the Connecticut Bar Association provide: "Interested parties can act as witnesses to a deed, although under no circumstances may the grantor or grantee witness the deed." Connecticut Bar Association, Connecticut Standards of Title (1999), standard 9.2. Comment one of that standard states: "Today, a spouse can witness the deed of the other spouse; officers and agents of a corporation, the deed of the corporation; and interested persons, the deed of the land in which they may have an indirect interest. No person is deemed disqualified even though at some point he had an interest in the property by way of mortgage, lease or other interest. However, *under no*

---

[7] We note in the present case that, in addition to giving the defendant a power of attorney over health care decisions, Goryn contemporaneously executed a document appointing the defendant as her health care representative in accordance with § 19a-576. The defendant signed the affidavit purporting to be one of the subscribing witnesses, although a different name is listed on the form as the witness. The validity of the document designating the defendant as Goryn's health care representative is not currently before us.

*circumstances may the grantor or grantee witness the deed."* (Emphasis added.) Id. Although the standards of title are not controlling authority, they nevertheless are persuasive to the extent that they establish the custom in the legal community; *Porter* v. *Morrill,* 108 Conn. App. 652, 662, 949 A.2d 526, cert. denied, 289 Conn. 921, 958 A.2d 152 (2008); and this court previously has found the standards and comments helpful in resolving issues on appeal. Id., 663. We are persuaded that the standards of title correctly reflect the state of the law in Connecticut regarding the witnessing of deeds, and we agree that a deed may not be witnessed by a grantor or a grantee of the deed. Accordingly, the court's decision granting summary judgment on count one in favor of the defendant as to the validity of the deed cannot stand.[8]

Next, we turn to the validity of the power of attorney executed by Goryn in favor of the defendant. By its terms, the power of attorney is a statutory short form durable power of attorney executed in accordance with General Statutes §§ 1-42 et seq., and 45a-562. In addition to the required language set forth in § 1-43, the power of attorney specifies additional powers with regard to health care decisions.[9] The power of attorney also

___

[8] Unlike in *Giannopolous,* in which the legislature's validating act cured any defect with the attesting witnesses; *Giannopoulos* v. *Corbin,* supra, 7 Conn. App. 603; the current validating act, codified at General Statutes § 47-36aa (a), does not save the present deed. Section 47-36aa (a) provides in relevant part: "Any deed . . . conveying . . . any interest in real property in this state recorded after January 1, 1997, which instrument contains any one or more of the following defects or omissions is as valid as if it had been executed without the defect or omission unless an action challenging the validity of that instrument is commenced and a notice of lis pendens is recorded in the land records of the town or towns where the instrument is recorded within two years after the instrument is recorded . . . (2) The instrument is attested by one witness only or by no witnesses . . . ." Here, all parties agree that the plaintiff commenced this action and filed a notice of lis pendens within the specified time period, so the validating act is inapplicable.

[9] See footnote 7 of this opinion.

includes the language provided for in § 45a-562 (a),[10] which is necessary to create a durable power of attorney that will survive the later disability or incompetence of the principal.

In addition to providing the required content for a short form power of attorney, § 1-43 provides in relevant part: "The execution of this statutory short form power of attorney shall be duly acknowledged by the principal in the manner prescribed for the acknowledgment of a conveyance of real property. . . ." Because the power of attorney at issue here is a durable power of attorney, we must also look to the requirements set forth in § 45a-562 (a), which provides that a durable power of attorney must be "executed *and witnessed* in the same manner as provided for deeds in section 47-5." (Emphasis added.) Because a deed requires two attesting witnesses pursuant to § 47-5, a statutory short form durable power of attorney drafted to comport with both §§ 1-43 and 45a-562 must be both acknowledged and attested to by two witnesses.

The requirement that a durable power of attorney be witnessed in the same manner as a deed acknowledges that special protections are warranted to ensure that such important documents are not obtained through fraud or undue influence. This court having concluded that a grantor or a grantee of a deed cannot act as one of the two attesting witnesses required for the conveyance of property because allowing the parties to the deed to act as witnesses would negate the purpose of

[10] Section 45a-562 (a) provides: "The subsequent disability or incompetence of a principal shall not revoke or terminate the authority of any person who acts under a power of attorney in a writing executed by the principal, if the writing contains the words 'this power of attorney shall not be affected by the subsequent disability or incompetence of the principal,' or words of similar import showing the intent of the principal that the authority conferred shall be exercisable notwithstanding the principal's subsequent disability or incompetence; provided *the power of attorney is executed and witnessed in the same manner as provided for deeds in section 47-5.*"

the witness requirement, it logically follows that the principal executing a power of attorney and his or her designated agent or attorney-in-fact must not act as one of the attesting witnesses to the power of attorney. As with the execution of a deed, if the parties to the power of attorney are permitted to act as attesting witnesses, any protection from fraud gained by requiring witnesses in the first instance effectively would be evaded.

In sum, because the defendant acted as one of the two witnesses necessary for the proper execution of the deed and the power of attorney he received from Goryn, neither document is valid as a matter of law, and the court improperly granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment.

The judgment is reversed and the case is remanded with direction to deny the defendant's cross motion for summary judgment, to grant summary judgment for the plaintiff on count one of the complaint as to the invalidity of the deed and power of attorney and for further proceedings according to law.

In this opinion the other judges concurred.