## MOEY SEGAL *v.* LEONOR MIDVIDY SEGAL
## (SC 16604)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued September 23, 2002—officially released June 24, 2003

*Brian McCormick*, with whom, on the brief, was *Gwen P. Weisberg*, for the appellant (defendant).

*William C. Franklin*, for the appellee (plaintiff).

*Opinion*

PALMER, J. The primary issue raised by this certified appeal is whether a foreign judgment is enforceable, pursuant to the Uniform Enforcement of Foreign Judgments Act (act), General Statutes §§ 52-604 through 52-609,[1] in this state while that judgment is on appeal even

[1] General Statutes § 52-604 provides: "As used in sections 52-604 to 52-609, inclusive, 'foreign judgment' means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment."

General Statutes § 52-605 provides in relevant part: "(a) A judgment creditor shall file, with a certified copy of a foreign judgment, in the court in which enforcement of such judgment is sought, a certification that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid and that the enforcement of such judgment has not been stayed and setting forth the name and last-known address of the judgment debtor.

"(b) Such foreign judgment shall be treated in the same manner as a judgment of a court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state and may be enforced or satisfied in like manner. . . ."

General Statutes § 52-606 provides in relevant part: "(a) If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. . . ."

Although § 52-606 (a) was amended in 2000; see Public Acts 2000, No.

though the judgment debtor has failed to provide the security required under the law of the foreign state in accordance with General Statutes § 52-606 (a).[2] We conclude that such a judgment is enforceable under these circumstances. Inasmuch as the Appellate Court reached a contrary conclusion, we reverse the judgment of that court.

The relevant facts and procedural history are set forth in the opinion of the Appellate Court. "During their marriage, [Moey Segal, the plaintiff, and Leonor Midvidy Segal, the defendant] purchased property in Goshen for $400,000. Their marriage was dissolved in 1988 in Nevada with a divorce decree that ratified and approved the parties' postnuptial agreements.[3] Those agreements provided that the parties would continue to hold title to the Goshen property as joint tenants, and that the plaintiff would pay all taxes, utilities and general maintenance fees until it was sold.

"In 1992, the plaintiff ceased making payments to the defendant under the agreements and, in 1995, filed the present action in Connecticut seeking partition of the property. The defendant filed a counterclaim seeking the same remedy. On September 15, 1998, the court rendered judgment of partition by sale, which resulted in a sale of the property for $500,000 with the proceeds being paid into court. Neither party appealed from the partition judgment, but each filed a motion for a determination of the interests and equities of the parties in the sale proceeds.

"The defendant [also had] instituted proceedings in Nevada seeking to declare the postnuptial agreements

00-191, § 10, that amendment is not relevant to the merits of this appeal. Thus, we refer to the current revision of § 52-606 (a) throughout this opinion for convenience.

[2] See footnote 1 of this opinion for the relevant text of § 52-606 (a).

[3] The parties entered into a postnuptial agreement in June, 1988. The parties entered into a second agreement, which consisted of an addendum to the first agreement, in September, 1988.

void or, in the alternative, to be awarded damages for the plaintiff's breach of those agreements. In August, 1998, the Nevada [District] [C]ourt denied the defendant's request to declare the agreements void but rendered judgment for her in the amount of $2.7 million for the plaintiff's breach of the agreements. [The plaintiff appealed from that judgment to the Nevada Supreme Court.[4] Although Nevada law provides that a judgment on appeal is enforceable unless the judgment debtor obtains a stay by filing an appropriate bond; Nev. R. Civ. P. 62;[5] the plaintiff failed to file such a bond.] The defendant [properly] filed the Nevada judgment in the Connecticut Superior Court pursuant to [§ 52-605 (a)].[6]

"The net proceeds of the partition sale . . . were $496,411.54, 50 percent of which is $248,205.77. The [Connecticut] court rendered a supplemental judgment awarding the plaintiff $159,422.58, representing 50 percent of the net proceeds, minus $88,783.19 for property related expenses paid by the defendant, which the court found should have been paid by the plaintiff.[7] The defendant was awarded $336,988.96, representing her one-half interest plus reimbursement of her expenses. The plaintiff appealed [and the defendant cross appealed]

---

[4] The defendant cross appealed to the Nevada Supreme Court, but that court ultimately dismissed her cross appeal.

[5] Rule 62 of the Nevada Rules of Civil Procedure provides in relevant part: "(a) Stay Upon Entry of Judgment. Execution or other proceedings to enforce a judgment may issue immediately upon the entry of the judgment, unless the court in its discretion and on such conditions for the security of the adverse party as are proper, otherwise directs. . . .

"(d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is filed. . . ."

For an explanation of the purpose and requirement of the supersedeas bond, see *McCulloch* v. *Jeakins*, 99 Nev. 122, 123, 659 P.2d 302 (1983).

[6] See footnote 1 of this opinion for the text of § 52-605 (a).

[7] The plaintiff was awarded $159,422.58, the difference between the $496,411.54 in net proceeds from the partition sale and the $336,988.96 awarded to the defendant.

from the supplemental judgment [to the Appellate Court] . . . ." *Segal* v. *Segal*, 65 Conn. App. 17, 19–20, 781 A.2d 492 (2001).

On appeal to our Appellate Court, the defendant contended, inter alia, that the trial court improperly had declined to give effect to the Nevada judgment rendered in her favor. Specifically, the defendant claimed that, because the plaintiff had failed to provide a bond under Nevada law, the plaintiff was not entitled to have enforcement of the Nevada judgment stayed in *this* state pursuant to § 52-606 (a) inasmuch as § 52-606 (a) expressly requires, as a condition to such a stay, that the judgment debtor prove that he has provided security for the satisfaction of the judgment required by the state in which that judgment was rendered. The defendant further claimed that, because the Nevada judgment is enforceable pursuant to the act in light of the plaintiff's failure to furnish the required security under Nevada law, the trial court should have awarded her the plaintiff's share of $159,422.58 from the partition sale as partial satisfaction of the Nevada judgment. The Appellate Court rejected the defendant's claims, concluding that, because an appeal from the Nevada judgment was pending, that judgment was not enforceable in this state pursuant to the act. See id., 25. The Appellate Court also concluded that the Nevada judgment was not entitled to full faith and credit under article four, § 1, of the constitution of the United States,[8] because an appeal from that judgment was pending, and, therefore, the judgment was not final. Id., 24. The Appellate Court thereupon affirmed the supplemental judgment of the trial court. Id., 25. We granted the defendant's cross

[8] Article four, § 1, of the constitution of the United States provides in relevant part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. . . ."

petition for certification to appeal,[9] limited to the following issue: "Whether the Appellate Court properly concluded that the money judgment rendered in the defendant's favor in Nevada is unenforceable in this state, despite the plaintiff debtor's failure to comply with . . . § 52-606 (a), which requires proof that he has furnished security for the satisfaction of the Nevada judgment on appeal as required by Nevada law?" *Segal v. Segal*, 258 Conn. 927, 783 A.2d 1030 (2001).

As a threshold matter, the plaintiff claims that this appeal is moot, and, consequently, that this court lacks subject matter jurisdiction over the defendant's appeal. We conclude that the appeal is not moot. We further conclude that the Appellate Court improperly determined that the Nevada judgment is not enforceable in this state.

I

We first address the plaintiff's claim that this appeal is moot, a claim that implicates the jurisdiction of this court to entertain the defendant's appeal. The plaintiff's mootness claim is predicated on the fact that, after the trial court rendered the supplemental judgment in the present case and immediately before the Appellate Court had affirmed the trial court's supplemental judgment, the Nevada Supreme Court upheld the $2.7 million award to the defendant and affirmed in part the Nevada District Court's judgment.[10] The plaintiff contends that, because the Nevada judgment under consideration by the trial court and the Appellate Court now

[9] We denied the plaintiff's petition for certification to appeal on the same day that we granted the defendant's cross petition for certification to appeal. *Segal v. Segal*, 258 Conn. 927, 783 A.2d 1030 (2001).

[10] The Nevada Supreme Court released its order affirming in part the Nevada District Court's judgment on August 9, 2001, slightly less than one week before the Connecticut Appellate Court released its decision in which it affirmed the supplemental judgment of the trial court. See *Segal v. Segal*, supra, 65 Conn. App. 17 (official release date of August 14, 2001).

is a final judgment inasmuch as an appeal from the Nevada judgment no longer is pending, any decision by this court regarding the enforceability of that judgment would constitute an advisory opinion. We disagree.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 492–93, 778 A.2d 33 (2001).

The plaintiff's claim of mootness is unavailing due to the fact that the change in circumstances does not preclude this court from granting the parties practical relief. The issue before this court regarding the effect of the Nevada judgment on the partition action remains an issue in dispute. Because the trial court remains in possession of the proceeds from the partition sale, this court can provide practical relief to the parties by determining whether the defendant is entitled to receive the plaintiff's share of the net proceeds from the partition sale in partial satisfaction of the Nevada judgment. This appeal, therefore, is not moot.

## II

The defendant's claim, and the subject of the certified issue, is that the Appellate Court improperly determined

that the Nevada judgment is unenforceable in this state. We agree with the defendant.

The Appellate Court concluded that the Nevada judgment is not enforceable under the act. See *Segal* v. *Segal*, supra, 65 Conn. App. 24–25. General Statutes § 52-606 (a) provides in relevant part: "If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered. . . ." The Appellate Court concluded that the defendant is not entitled to enforcement of the Nevada judgment in this state in light of the language of § 52-606 (a) that provides for a stay of enforcement of a foreign judgment until the appeal of that judgment is concluded. See *Segal* v. *Segal*, supra, 25. Whether the Appellate Court properly applied § 52-606 (a) to the facts of this case gives rise to an issue of statutory construction over which our review is plenary. E.g., *Vibert* v. *Board of Education*, 260 Conn. 167, 170, 793 A.2d 1076 (2002).

As we have explained, under Nevada law, a judgment debtor is required to furnish security in order to obtain a stay of execution of the judgment. Nev. R. Civ. P. 62; see footnote 5 of this opinion and accompanying text. It is undisputed, however, that the plaintiff failed to furnish such security in satisfaction of the Nevada judgment. As General Statutes § 52-606 (a) plainly provides, a judgment debtor who has appealed from a foreign judgment is entitled to a stay of enforcement of that judgment in this state *"upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was*

*rendered.*" (Emphasis added.) The Appellate Court ignored this language. "It is a basic tenet of statutory construction that the legislature did not intend to enact meaningless provisions. . . . Accordingly, care must be taken to effectuate all provisions of the statute. . . . Moreover, statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant . . . ." (Internal quotation marks omitted.) *State* v. *Gibbs*, 254 Conn. 578, 602, 758 A.2d 327 (2000). Because the Appellate Court failed to give effect to the requirement of § 52-606 (a) that the judgment debtor prove that security for the satisfaction of the foreign judgment has been furnished in accordance with the law of the state in which the judgment was rendered, and because the plaintiff failed to comply with that requirement, the Appellate Court improperly concluded that the Nevada judgment is not enforceable in this state.[11]

The plaintiff claims, however, that the Nevada judgment is not a "foreign judgment," as that term is defined in § 52-604,[12] and, therefore, is not enforceable under the act. General Statutes § 52-604 provides: "As used in sections 52-604 to 52-609, inclusive, 'foreign judgment' means any judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance or by confession of judgment." The plaintiff maintains that the Nevada judgment was

[11] As we previously stated, the Appellate Court also concluded that the Nevada judgment was not entitled to full faith and credit under article four, § 1, of the United States constitution. *Segal* v. *Segal*, supra, 65 Conn. App. 24. The Appellate Court reasoned that the Nevada judgment was subject to modification on appeal and, therefore, did not constitute a final judgment for purposes of the full faith and credit clause. Id. We do not reach this issue in light of our conclusion that the Nevada judgment is enforceable in this state pursuant to the act based on the plaintiff's failure to furnish security in accordance with Nevada law.

[12] See footnote 1 of this opinion for the text of § 52-604.

not entitled to full faith and credit under article four, § 1, of the United States constitution,[13] and, therefore, that judgment could not be a "foreign judgment" within the meaning of § 52-604. This claim is without merit.

The term "full faith and credit" in § 52-604 cannot refer to the full faith and credit clause of the constitution of the United States because such a construction would render § 52-606 a nullity. Under the plaintiff's proposed interpretation of § 52-604, a federal or sister state judgment *from which an appeal has been taken and is pending* would be excluded from the definition of "foreign judgment" in § 52-604—and, thus, excluded from the purview of the act—because, according to the plaintiff, such judgments are not entitled to full faith and credit under the United States constitution. Yet the definition of "foreign judgment" contained in § 52-604 applies to all provisions in the act, including § 52-606 (a), which deals precisely with the issue of enforcement of federal or sister state judgments from which an appeal has been taken and is pending. As we indicated earlier, we will not presume that the legislature intended to enact meaningless legislation. See, e.g., *State* v. *Gibbs*, supra, 254 Conn. 602. It is clear, rather, that the term "full faith and credit" contained in § 52-604 refers to a foreign judgment that is enforceable under the laws of this state. This interpretation gives meaning to each of the provisions of the act and is entirely consistent with the fundamental purpose of § 52-606 (a), namely, to afford judgment debtors and creditors appropriate protection in the context of the enforcement of a foreign judgment in this state that is pending appeal in the state in which that judgment was rendered.

[13] For the purpose of addressing the plaintiff's claim regarding the meaning of the term "foreign judgment" in § 52-604 only, we assume, arguendo, that, as the plaintiff contends, the Nevada judgment was not entitled to full faith and credit under article four, § 1, of the United States constitution because an appeal from that judgment was pending in the Nevada courts.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for further proceedings according to law.

In this opinion the other justices concurred.