RONALD F. CAHALY ET AL. *v.* DAVID M.
SOMERS ET AL.
(AC 25373)

Bishop, McLachlan and West, Js.

Argued March 24—officially released June 28, 2005

*Mark H. Dean,* for the appellants (defendants).

*Seth Jacoby,* for the appellees (plaintiffs).

*Opinion*

McLACHLAN, J. The plaintiff, Ronald F. Cahaly, individually and as trustee of the Union Square Development Trust, a Massachusetts business trust, initiated this action to enforce a Massachusetts judgment under the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq. (foreign judgments act), and the full faith and credit clause of the constitution of the United States, article four, § 1. The trial court rendered judgment in favor of the plaintiff in the stipulated amount of $72,148.16, exclusive of postjudgment interest. The defendants David M. Somers and Beverly L. Somers[1] appeal, claiming that the Massachusetts judgment is void because it was rendered in violation of their right to procedural due process. The Massachusetts trial and appellate courts and our trial court rejected the identical argument, and the defendants now raise it in this court. The issue is whether we are required to examine the record of the Massachusetts action because the defendants have labeled their attack on the underlying judgment a due process claim. We conclude that their claim is barred by the doctrine of res judicata.

The parties stipulated to the relevant facts and procedural history. The underlying action arose out of failed real estate transactions involving four condominium units in Boston. The escrow agent, who is not a party

---

[1] The defendants at trial were David M. Somers, individually and as trustee of the DKB Trust, Beverly L. Somers, Lawcon, Inc., and the DKB Trust. Only David M. Somers and Beverly L. Somers have appealed from the judgment, and we refer to them in this opinion as the defendants.

to this action, held the deposited funds in dispute and, thereafter, initiated an interpleader action in the Massachusetts Superior Court in 1993. The parties aligned and realigned themselves in the action and asserted defenses, counterclaims and cross claims. Most significantly, on December 22, 1997, the plaintiff, in his capacity as trustee,[2] filed a complaint seeking only a declaratory judgment that he was entitled to the deposited funds.

A jury trial was held, during which the court did not charge the jury concerning the award of any interest provided by contract or prejudgment interest. On February 26, 1998, the jury returned a special verdict, finding that the defendants and Lawcon, Inc., had breached the purchase and sale agreements governing the condominium transactions and awarding contract damages. The court rendered judgment in accordance with the verdict and awarded prejudgment interest for which the defendants personally were held jointly and severally liable. The court denied the defendants' posttrial motions, and the defendants appealed, claiming, inter alia, that the court improperly awarded relief in the form of prejudgment interest not alleged in the plaintiff's complaint without notice and an opportunity to be heard. The Massachusetts appellate courts rejected the defendants' appeals. *Cahaly* v. *Somers*, 52 Mass. App. 1104, 750 N.E.2d 522 (2001), review denied, 435 Mass. 1108, 762 N.E.2d 323 (2002). The defendants were represented by counsel at trial and on appeal. They participated fully at all times throughout the proceedings in the Massachusetts trial and appellate courts, where the issue of the propriety of the award of prejudgment

---

[2] The parties agreed at oral argument that the trial court improperly rendered judgment in favor of the plaintiff in his individual capacity. We therefore issue a limited remand ordering the court to vacate the judgment in favor of the plaintiff in his individual capacity and to render judgment in favor of the plaintiff only in his capacity as trustee.

interest actually was litigated and adjudicated, and in this state at both the trial and appellate levels.

Following the Massachusetts trial court's judgment, but before the exhaustion of the defendants' appeals in Massachusetts, the plaintiff initiated this action to enforce the judgment. Following the Massachusetts appellate courts' decisions, our trial court rendered judgment in favor of the plaintiff. In its December 24, 2003 memorandum of decision, the court found the defendants' due process arguments unavailing due to res judicata, adding that "this court will not disregard or ignore the decisions of the Massachusetts trial and Appeals Court, and the subsequent denial of a petition for further review by the Massachusetts Supreme Judicial Court on an award of interest issue solely controlled by Massachusetts law." We will not ignore or disregard those decisions either.

Whether the court properly applied the foreign judgments act to the facts of this case gives rise to an issue of statutory construction over which our review is plenary. *Segal* v. *Segal*, 264 Conn. 498, 506, 823 A.2d 1208 (2003). "The applicability of res judicata also raises a question of law, and is, therefore, subject to our plenary review." *Linden Condominium Assn., Inc.* v. *McKenna*, 247 Conn. 575, 594, 726 A.2d 502 (1999).

"The full faith and credit clause of the United States constitution requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it. . . . In accordance with this federal mandate, our legislature enacted the [foreign judgments act], which permits an out-of-state judgment that has been filed here to be enforced in the same manner as an in-state judgment." (Citation omitted; internal quotation marks omitted.) *Nastro* v. *D'Onofrio*, 76 Conn. App. 814, 814–15, 822 A.2d 286 (2003). In light of that basic principle,

"the only defenses that a Connecticut court should consider when out-of-state judgment debtors claim that an out-of-state judgment is unenforceable are those that implicate the personal or subject matter jurisdiction of the out-of-state court." Id., 823–24.

Among the defenses implicating the jurisdiction of the out-of-state court is the defense that the foreign judgment was rendered in violation of due process of law because of inadequate notice. See *Steve Viglione Sheet Metal Co.* v. *Sakonchick*, 190 Conn. 707, 712 n.5, 462 A.2d 1037 (1983) ("adequacy of notice has due process implications and may affect the jurisdiction of the court"); *Nastro* v. *D'Onofrio*, supra, 76 Conn. App. 823 (defenses that destroy full faith and credit obligation owed to foreign judgment include lack of due process). The defendants cannot, however, obtain a new trial on the issue of prejudgment interest simply by asserting that the Massachusetts courts erred in rejecting the identical arguments. Such an argument must overcome the substantial hurdle of the doctrine of res judicata.

"Substantively, the full faith and credit clause imposes significant limitations on the authority of a court in this state to decline to enforce an out-of-state money judgment. That judgment may be set aside if it is jurisdictionally flawed because the foreign court lacked subject matter or personal jurisdiction over the defendant or if that jurisdiction resulted from an extrinsic fraud. . . . *Even as to questions of jurisdiction, however, the principles of res judicata bar further inquiry if those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.* . . . The out-of-state judgment may not be impeached because of mistake or fraud . . . or for reasons of public policy." (Citations omitted; emphasis added; internal quotation marks omitted.) *Nastro* v. *D'Onofrio*, supra, 76 Conn. App. 819.

In light of the facts to which the parties have stipulated, it is clear that the procedural due process claim that the defendants again raise has been fully and fairly litigated in the Massachusetts courts. The defendants asserted a procedural due process violation in their posttrial motions and before the Massachusetts Appeals Court. The claim, therefore, is barred by the doctrine of res judicata.

The judgment is reversed only as it applies to the plaintiff in his individual capacity and the case is remanded with direction to render judgment in favor of the plaintiff in his capacity as trustee only. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.