# DEBORAH FUCHS *v.* ALLSTATE INSURANCE COMPANY
## (AC 26298)

Gruendel, Harper and Berdon, Js.

Argued March 31—officially released June 27, 2006

*Jonathan E. Spodnick*, for the appellant (plaintiff).

*Francis J. Drumm III*, with whom, on the brief, was *Robert G. Oliver*, for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, Deborah Fuchs, appeals from the judgment rendered in favor of the defendant, Allstate Insurance Company, following the trial court's granting of the defendant's motion for summary judgment in this action seeking the recovery of underinsured motorist benefits. On appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendant because (1) genuine issues of material fact exist and (2) the defendant is not entitled to judgment as a matter of law. We disagree and affirm the judgment of the trial court.

A review of the record and briefs reveals the following facts. On November 8, 1998, the plaintiff was injured when the car in which she was a passenger collided with an automobile owned and operated by Akkineni Giridar. At the time of the accident, the plaintiff was a passenger in the vehicle of her sister, Mary Fuchs. The automobile was insured by Nationwide Mutual Fire Insurance Company (Nationwide). Mary Fuchs' policy provided liability coverage of $20,000 per person and $40,000 per accident. Giridar's automobile was insured

by the defendant and also had liability coverage limits of $20,000 per person and $40,000 per accident.[1] The plaintiff recovered $5000 from Nationwide under Mary Fuchs' liability policy and an additional $5000 from the defendant under Giridar's liability policy. The remainder of the liability policies issued to Mary Fuchs and to Giridar were exhausted by payments to the other passengers who also were injured in the accident.

Thereafter, the plaintiff made claims for underinsured motorist benefits with National Grange Mutual Insurance (National Grange), her mother's insurer, and with the defendant, her father's insurer. Each policy provided for $100,000 of underinsured motorist benefits. National Grange settled the plaintiff's claim for $90,000. The plaintiff then instituted this action against the defendant to recover underinsured motorist benefits pursuant to her father's policy.

The defendant filed a motion for summary judgment, claiming that the plaintiff had recovered all of the underinsured motorist benefits to which she was entitled. The court granted the defendant's motion for summary judgment, concluding that the defendant was not liable to the plaintiff for underinsured motorist benefits because the $90,000 that she already had received from the settlement with National Grange, coupled with liability payments of $5000 each pursuant to the policies of Mary Fuchs and Giridar, totaled the maximum amount she could recover under General Statutes § 38a-336 (d). This provision, the court reasoned, limits the amount of underinsured motorist benefits that an individual may recover to the highest amount recoverable under any single policy. Consequently, the plaintiff could not recover more than $100,000 because that was

---

[1] Although Giridar was insured by the defendant, that policy and the payments made thereunder are not in dispute. This appeal concerns only the defendant's provision of underinsured motorist benefits pursuant to the policy issued to the plaintiff's father.

the maximum to which she was entitled under either her mother's or her father's underinsured motorist policy. The plaintiff subsequently filed the present appeal, claiming that the court improperly rendered summary judgment because genuine issues of material fact exist and the defendant is not entitled to judgment as a matter of law.

We begin by setting forth our familiar standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 597, 894 A.2d 335 (2006).

I

The plaintiff first claims that the court improperly concluded that there were no genuine issues of material fact because the defendant did not conclusively establish that the $90,000 settlement that the plaintiff received from National Grange was solely for underinsured motorist benefits.[2] We disagree.

[2] The plaintiff also argues that there is a genuine issue of material fact as to which provision of her father's insurance policy applies to her claim for underinsured motorist benefits. In making this argument, the plaintiff

Along with its motion for summary judgment, the defendant submitted the following documents: Excerpts from the deposition transcripts of the plaintiff, her mother and her father; the plaintiff's signed release of Mary Fuchs and Nationwide; the plaintiff's signed release of Giridar and the defendant;[3] the plaintiff's signed release of National Grange; and a certified copy of the insurance policy provided by the defendant to the plaintiff's father. These documents reveal that the plaintiff received $5000 from the defendant pursuant to Giridar's liability policy, $5000 from Nationwide pursuant to Mary Fuchs' liability policy and $90,000 from

mistakes a question of law for a question of fact and, as a result, incorrectly asserts that there is a genuine issue of material fact that makes summary judgment inappropriate.

The plaintiff claims that two provisions of her father's policy are at issue in this case. Within the section pertaining to underinsured motorist benefits, the provision entitled "Limits of Liability" states: "The limits of this coverage will be reduced by . . . (1) all amounts paid by or on behalf of the owner or operator of the . . . underinsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy." This section also includes a provision entitled "If There is Other Insurance," which states: "If the injured person was in, on, or getting into or out of a vehicle which is insured for this coverage under another policy, the coverage of the occupied vehicle shall be primary. Coverage under any policy where the injured person is a named insured shall be secondary. All other applicable policies shall be excess. . . . The total amount the injured person can recover is limited to the highest limits of liability of any policy that applies to the accident. If this policy is excess, we will bear our proportional share with other collectible excess policies."

We will discuss these provisions in more depth later in this opinion, but with respect to the plaintiff's claim that the application of these provisions presents a genuine issue of material fact, it is enough to say that because these provisions are unambiguous as to underinsured motorist benefits provided by this policy, the court's resolution of that issue was a question of law. See *Employers Reinsurance Corp.* v. *Muro*, 86 Conn. App. 551, 555, 861 A.2d 1216 (2004) ("[i]f the language of an insurance policy is unambiguous, the interpretation of the terms of the policy is a question of law"), cert. denied, 273 Conn. 907, 868 A.2d 747 (2005). Accordingly, we limit our review of this issue to the court's legal determination as to whether the defendant was entitled to judgment as a matter of law, as further discussed in part II.

[3] See footnote 1.

National Grange pursuant to her mother's underinsured motorist policy. In addition, the evidence demonstrates that the plaintiff released all of these parties from additional liability. The release involving National Grange specifically states that the plaintiff released National Grange from all future claims, "more particularly [the] underinsured motorist claim only under [her mother's policy] in regard to an accident of November 8, 1998."

In response to the motion, the plaintiff submitted a memorandum of law, but she did not provide any evidence substantiating her claim that the $90,000 settlement with National Grange "could have taken into consideration other issues such as [the] costs of litigation, interest or punitive damages." On appeal, the plaintiff argues that she sustained her burden in opposing the defendant's motion for summary judgment by asserting this claim at oral argument before the trial court.

Although the plaintiff correctly argues that the moving party bears the burden of establishing that there is no genuine issue of material fact, the plaintiff misunderstands her burden to respond properly to the defendant's evidence. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) *Wooten* v. *Heisler*, 82 Conn. App. 815, 819, 847 A.2d 1040 (2004).

The plaintiff has failed to provide any evidence substantiating her claim that a genuine issue of material

fact exists. She argues instead that the court should not have rendered summary judgment because the "defendant provided no evidence to the trial court that the $90,000 *did not* constitute additional sums for avoidance of bad faith litigation, breach of contract damages or any other type of compensation." (Emphasis added.) It is not the defendant's burden to negate all hypothetical arguments that could contradict its evidence. The defendant presented evidence that the plaintiff made an underinsured motorist claim against her mother's policy with National Grange and that she received a settlement of $90,000. In consideration for that settlement, the plaintiff signed a release discharging National Grange from future liability arising from her underinsured motorist claim pursuant to her mother's policy. Once this evidence was presented, it was the plaintiff's burden to substantiate her claim that the $90,000 may have been intended to compensate the plaintiff, in part, for something other than her claim for underinsured motorist benefits. She failed to do so and, consequently, has failed to demonstrate that there is a genuine issue of material fact regarding the basis for the $90,000 settlement. We conclude, therefore, that the court properly determined that there were no genuine issues of material fact.

## II

The plaintiff next claims that the court improperly rendered summary judgment in favor of the defendant because the defendant is not entitled to judgment as a matter of law. Specifically, the plaintiff argues that the court failed to consider the language in her father's policy that requires the defendant to pay its proportional share of underinsured motorist benefits. We disagree.

Before addressing the particular provisions of the underinsured motorist policy issued to the plaintiff's

father, we begin by reviewing the rationale behind underinsured motorist coverage. "The purpose of the coverage simply is to provide an insured who is injured in an accident with the same resources he would have had if the tortfeasor had liability insurance equal to the amount of the insured's uninsured/underinsured motorist coverage. . . . The purpose is not to guarantee full compensation for a claimant's injuries . . . . Indeed, underinsured motorist protection is not intended to provide a greater recovery than would have been available from the tortfeasor. . . . The public policy established by the uninsured/underinsured motorist statute is to assure that every insured recovers the damages he or she would have been able to recover if the uninsured or underinsured motorist had maintained an adequate policy of liability insurance . . . equal to the amount of the insured's uninsured/underinsured motorist coverage." (Citations omitted; internal quotation marks omitted.) *Dimmock* v. *Allstate Ins. Co.*, 84 Conn. App. 236, 241–42, 853 A.2d 543, cert. denied, 271 Conn. 923, 859 A.2d 577 (2004).

Our resolution of the plaintiff's appeal is guided further by § 38a-336 (d), which provides in relevant part that "[r]egardless of the number of policies issued, vehicles or premiums shown on a policy, premiums paid, persons covered, vehicles involved in an accident, or claims made, in no event shall the limit of liability for uninsured and underinsured motorist coverage applicable to two or more motor vehicles covered under the same or separate policies be added together to determine the limit of liability for such coverage available to an injured person or persons for any one accident. If a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which

such person is a named insured shall be secondary. All other applicable policies shall be excess. The total amount of uninsured and underinsured motorist coverage recoverable is limited to the highest amount recoverable under the primary policy, the secondary policy *or* any one of the excess policies. The amount paid under the excess policies shall be apportioned in accordance with the proportion that the limits of each excess policy bear to the total limits of the excess policies. . . ." (Emphasis added.)

The parties agree that for the purposes of the plaintiff's claim, the policies issued by National Grange and the defendant are both excess policies. They also agree that the $100,000 policy limit under each of these policies was the highest amount recoverable under the primary, secondary or excess polices. In accordance with § 38a-336 (d), therefore, the maximum amount of underinsured motorist benefits that the plaintiff could recover in this situation was $100,000. Moreover, because both policies provide for the same amount of coverage, National Grange and the defendant are each liable for 50 percent of the underinsured motorist benefits to which the plaintiff is entitled.

With this starting figure in mind, we now turn to the relevant language of the insurance contract issued to the plaintiff's father. The contract provides that the "limits of [the underinsured motorist coverage to which the plaintiff is entitled] will be reduced by . . . (1) all amounts paid by or on behalf of the owner or operator of the . . . underinsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy." The parties agree, for the purposes of this appeal, that the defendant was entitled to reduce its underinsured motorist coverage by $40,000.[4] As a result, the most the

---

[4] In its memorandum of decision, the court concluded that the defendant was entitled to a reduction of $10,000 in its underinsured motorist coverage because the plaintiff had received $5000 on behalf of Giridar and an addi-

plaintiff may recover in underinsured motorist benefits, from all applicable policies, is $60,000. It is undisputed that the plaintiff recovered $90,000 in underinsured motorist benefits as a result of its settlement with National Grange. Consequently, the plaintiff already has received more than she is entitled to recover in underinsured benefits. The court properly concluded that she is, therefore, not entitled to additional benefits from the defendant.

The plaintiff argues that the terms of her father's policy require that the defendant pay its proportional share of the $60,000 in underinsured motorist benefits to which she is entitled, irrespective of the settlement that she received from National Grange. In support of this argument, the plaintiff relies on the last sentence in the section of her father's underinsured motorist policy entitled, "If There is Other Insurance." That section states in relevant part: "If the injured person was in, on, or getting into or out of a vehicle which is insured for this coverage under another policy, the coverage of the occupied vehicle shall be primary. Coverage under any policy where the injured person is a named insured shall be secondary. All other applicable policies shall be excess. . . . The total amount the insured person can recover is limited to the highest limits of liability of any policy that applies to the accident. *If this policy*

---

tional $5000 on behalf of Mary Fuchs. The defendant argues that it is entitled to a reduction in coverage of $40,000 in accordance with our decision in *Allstate Ins. Co.* v. *Lenda*, 34 Conn. App. 444, 452–53, 642 A.2d 22, cert. denied, 231 Conn. 906, 648 A.2d 149 (1994). In that case, we held that, under the terms of the policy at issue, which are identical to the terms of the policy at issue in the present case, the insurer was "entitled to reduce the amount of underinsured motorist benefits payable to [the plaintiff] by all the amounts paid by or on behalf of [the tortfeasor] *to all injured parties* both for personal injury and for property damages." (Emphasis added.) Id., 453. The plaintiff concedes that the defendant is entitled to a reduction of $40,000. For the purposes of this appeal, therefore, we accept the plaintiff's concession.

*is excess, we will bear our proportional share with other collectible excess policies.*" (Emphasis added.)

Although the plaintiff would have us look at the last sentence of this provision in a vacuum, "[t]he individual clauses of a contract . . . cannot be construed by taking them out of context and giving them an interpretation apart from the contract of which they are a part." (Internal quotation marks omitted.) *Frantz* v. *Romaine*, 93 Conn. App. 385, 395, 889 A.2d 865, cert. denied, 277 Conn. 932, 896 A.2d 100 (2006). Considered as a whole, this provision does no more than restate the applicable requirements and restrictions as set forth in § 38a-336. This language merely establishes the limits of the underinsured coverage available to the plaintiff and requires that the defendant pay its proportional share of those benefits to which the plaintiff is entitled. We conclude, however, that it does not require that the defendant pay its proportional share of those benefits when the plaintiff already has recovered the maximum amount of underinsured motorist benefits available under her father's policy and § 38a-336.

The judgment is affirmed.

In this opinion the other judges concurred.