SARAH STOTT *v.* PEERLESS INSURANCE COMPANY
(AC 33565)

DiPentima, C. J., and Lavine and Robinson, Js.

Argued May 15—officially released August 7, 2012

*Ralph J. Monaco*, with whom was *Jonathan T. Lane*, for the appellant (plaintiff).

*Philip T. Newbury, Jr.*, with whom was *Alaina C. Judge*, for the appellee (defendant).

*Opinion*

ROBINSON, J. The plaintiff in this action for underinsured motorist benefits, Sarah Stott, appeals from the summary judgment rendered by the trial court in favor of the defendant, Peerless Insurance Company. On appeal, the plaintiff claims that the court erred in concluding that she was barred as a matter of law from recovering additional underinsured motorist benefits under her parents' insurance policy on the basis of

the policy's "owned auto" exclusion and antistacking provision and pursuant to the antistacking provision in General Statutes § 38a-336 (d).[1] We conclude that the defendant was entitled to summary judgment on the basis of the antistacking provision in § 38a-336 (d), and, therefore, we need not address the plaintiff's other claims regarding the viability and applicability of the "owned auto" exclusion[2] and the antistacking provision in the parents' policy and whether they would provide an independent basis for granting summary judgment in favor of the defendant. See *Cambridge Mutual Fire Ins. Co.* v. *Sakon*, 132 Conn. App. 370, 372 n.2, 31 A.3d 849 (2011), cert. denied, 304 Conn. 904, 38 A.3d 1202 (2012).

We begin by setting forth the following undisputed facts and procedural history. On July 1, 2009, the plaintiff was driving her vehicle on Butts Bridge Road in

[1] General Statutes § 38a-336 (d) provides: "Regardless of the number of policies issued, vehicles or premiums shown on a policy, premiums paid, persons covered, vehicles involved in an accident, or claims made, in no event shall the limit of liability for uninsured and underinsured motorist coverage applicable to two or more motor vehicles covered under the same or separate policies be added together to determine the limit of liability for such coverage available to an injured person or persons for any one accident. If a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which such person is a named insured shall be secondary. All other applicable policies shall be excess. The total amount of uninsured and underinsured motorist coverage recoverable is limited to the highest amount recoverable under the primary policy, the secondary policy or any one of the excess policies. The amount paid under the excess policies shall be apportioned in accordance with the proportion that the limits of each excess policy bear to the total limits of the excess policies. If any person insured for uninsured and underinsured motorist coverage is an occupant of an owned vehicle, the uninsured and underinsured motorist coverage afforded by the policy covering the vehicle occupied at the time of the accident shall be the only uninsured and underinsured motorist coverage available."

[2] Specifically, the plaintiff claims that the "owned auto" exclusion is inapplicable to her as the operator of a nontortfeasing vehicle and that the exclusion as written was not authorized by statute.

Canterbury when a vehicle operated by Steven M. Poppie, driving in the opposite direction, crossed over into the plaintiff's lane of travel and struck her vehicle head on. The plaintiff suffered serious bodily injuries as a result of the collision.[3] At the time of the collision, Poppie's vehicle was covered by an insurance policy that included liability limits of $20,000 per person. The plaintiff's vehicle was covered under her insurance policy with the defendant and included underinsured motorist coverage of $100,000 per person. The plaintiff lived with her parents at the time of the collision. Her parents insured their automobiles under a separate policy, also issued by the defendant. The plaintiff's vehicle was not a covered vehicle under the parents' policy, however, the parents' policy extended coverage to resident relatives living in their home and provided for underinsured motorist benefits of $250,000 per person.

The plaintiff obtained $20,000 pursuant to Poppie's liability policy and $80,000 under her own policy's underinsured motorist coverage. She then filed the present action in which she sought to recover additional underinsured motorist benefits from the defendant under her parents' insurance policy. The defendant filed an answer denying that the plaintiff was entitled to benefits under the parents' policy and raising a number of special defenses, including that coverage under the parents' policy was precluded by the express terms of that policy and that, pursuant to § 38-336 (d), the plaintiff's own policy provided her exclusive remedy.

On December 22, 2010, the defendant filed a motion for summary judgment arguing that there were no genuine issues of material fact in dispute and that it was entitled to judgment as a matter of law on the coverage dispute, again asserting that any recovery by the plaintiff of additional underinsured motorist benefits under

---

[3] According to her complaint, the plaintiff suffered a crushed right leg, four broken ribs and a broken clavicle.

her parents' policy was excluded by the terms of the policy and by the antistacking provisions in § 38a-336 (d). On June 1, 2011, the court issued a decision finding that there were no disputed issues of material fact and that the defendant was entitled to judgment in its favor on the basis of the unambiguous exclusionary provisions of the parents' policy and pursuant to § 38a-336 (d). This appeal followed.

We begin by setting forth the applicable law governing our review of the claims raised on appeal. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant [a party's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Hannaford* v. *Mann*, 134 Conn. App. 265, 269–70, 38 A.3d 1239, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012). In conducting our review, we are cognizant that "[a] motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) *Weiner* v. *Clinton*, 106 Conn. App. 379, 383, 942 A.2d 469 (2008).

In the present appeal, the plaintiff acknowledges that there are no material facts in dispute; rather, she challenges the court's legal conclusions, arguing that they "are inconsistent with the law of uninsured/underinsured motorist coverage." We must decide, therefore, whether the court's determination that the plaintiff was not entitled to additional underinsured motorist benefits under her parents' policy was legally and logically correct. Specifically, we turn to the plaintiff's claim that the court improperly granted summary judgment as a matter of law on the basis of the antistacking provision in § 38a-336 (d). We disagree with the claim.

Since 1979, this state has required that automobile insurance policies provide underinsured motorist benefits "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of . . . underinsured motor vehicles . . . because of bodily injury . . . ." General Statutes § 38a-336 (a) (1). "[T]he rationale behind underinsured motorist coverage . . . is to provide an insured who is injured in an accident with the same resources he would have had if the tortfeasor had liability insurance equal to the amount of the insured's uninsured/underinsured motorist coverage. . . . The purpose is not to guarantee full compensation for a claimant's injuries. . . . Indeed, underinsured motorist protection is not intended to provide a greater recovery than would have been available from the tortfeasor. . . . The public policy established by the uninsured/underinsured motorist statute is to assure that every insured recovers the damages he or she would have been able to recover if the uninsured or underinsured motorist had maintained an adequate policy of liability insurance . . . equal to the amount of the insured's uninsured/underinsured motorist coverage." (Internal quotation marks omitted.) *Fuchs* v. *Allstate Ins. Co.*, 96 Conn. App. 284, 291, 899 A.2d 709 (2006).

In 1993, the legislature enacted Public Acts 1993, No. 93-297, which, among other things, added subsection (d) to § 38a-336. Section 38a-336 (d) provides in relevant part: "If any person insured for uninsured and underinsured motorist coverage is an occupant of an owned vehicle, the uninsured and underinsured motorist coverage afforded by the policy covering the vehicle occupied at the time of the accident *shall be the only uninsured and underinsured motorist coverage available.*" (Emphasis added.) The purpose of the new subsection was to bar the practice of "stacking," which, up to that date, had been judicially approved. *Lane* v. *Metropolitan Property & Casualty Ins. Co.*, 125 Conn. App. 424, 434, 7 A.3d 950 (2010). "Stacking" refers "to the ability of the insured, when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate." (Internal quotation marks omitted.) Id., 435.

In the present case, at the time of the collision, the plaintiff was a "person insured for uninsured and underinsured motorist coverage." She was insured under her own policy, which included uninsured/underinsured motorist coverage, and she was an insured under her parents' policy.[4] She was an "occupant of an owned vehicle." It is undisputed that she owned the vehicle she was occupying at the time of the collision. Accordingly, pursuant to the clear and unambiguous language of § 38a-336 (d), the only underinsured motorist coverage available to the plaintiff was the underinsured motorist coverage "covering the vehicle occupied at the time of

---

[4] The parents' insurance policy defines the term "family member" in the liability section of the policy as "a person related to you by blood, marriage or adoption who is a resident of your household." The policy defines "insured" in the uninsured motorists coverage section of the policy as "[y]ou or any 'family member'. . . ." It is undisputed that the plaintiff is the daughter of the named insureds, the parents, and that she resided in their household at the time of the collision.

the accident," which in the present case was her own automobile insurance policy. Her vehicle was not a covered vehicle under her parents' policy. Her policy provided for underinsured motorist coverage to a limit of $100,000. The plaintiff received the full benefit of that policy, having collected $20,000 from Poppie—the limit of his policy's liability coverage—and $80,000 in underinsured motorist benefits from the defendant pursuant to her policy. On appeal, the plaintiff argues that she was entitled to receive the "benefit of the premium for which she paid." We conclude that she received that benefit.

The plaintiff argues that, because she was an insured under two separate and distinct insurance policies, each of which required the payment of a separate premium for underinsured motorist coverage, she should be entitled to collect underinsured motorist benefits pursuant to both policies. In support of that argument, she cites this court's decision in *Lane* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 125 Conn. App. 424. We agree with the court that the facts and circumstances on which this court reached its decision in *Lane* are readily distinguishable from the present case, and we decline the plaintiff's invitation to expand the holding in *Lane* to include the factual situation presented here.

In *Lane*, the owner and operator of a pickup truck, William J. Lane, was seriously injured when a universal joint from an unidentified vehicle smashed through his windshield while he was driving on Interstate 84. Id., 427. At the time of the accident, Lane had two valid, overlapping insurance policies, each covering his truck as an insured vehicle under the policy and each providing $100,000 in uninsured motorist coverage. Id., 427–28. It was undisputed that Lane's damages exceeded $200,000, and thus he sought full coverage under both policies. Id., 428. The two insurers argued that the anti-stacking provision in § 38a-336 (d) limited their liability

to a one-half share of the limit under a single policy. Id., 429. This court ultimately concluded that "§ 38a-336 (d) does not bar an insured with two separate primary policies containing uninsured motorist coverage on the same vehicle from collecting the policy limits of both primary policies combined if the damages to the insured equal or exceed such coverage." Id., 436.

This court reasoned that "[Lane] had the rare occurrence for a period of thirty days of owning two policies on his truck for which he had paid two separate premiums and of having a serious accident during such period of multiple coverage. Thus, requiring both [insurers] to pay the limits of coverage pursuant to their respective policies would not result in a windfall to [Lane] because it is undisputed that [he] paid for both primary policies on his truck, and his damages exceeded the limits of both primary policies combined. Furthermore, permitting a claimant with two separate insurance policies that provided uninsured and underinsured motorist coverage for the same vehicle to collect the limits of both policies when his damages exceed the total of such coverage would not prejudice either [insurer]. For a period of approximately one month, [Lane] paid premiums for two separate policies covering the same owned vehicle. Each . . . insurer separately underwrote and priced its respective policy, and each insurer was separately compensated for assuming the risk that injury to the insured could occur, while he occupied such vehicle." Id., 433–34.

In the present case, the plaintiff was not seeking to collect benefits from two separate primary policies covering her vehicle. Unlike Lane, the plaintiff had not paid the premiums for two policies covering her vehicle. It is undisputed that the plaintiff's policy was the only policy covering her vehicle at the time of the collision. Although, as a resident family member, she was an insured under her parents' policy, her vehicle was not

listed as a covered vehicle under the parents' policy. The plaintiff does not claim that she paid any part of the premium for her parents' policy. The plaintiff paid premiums for $100,000 in underinsured motorist coverage, and she recovered $100,000. Accordingly, she has received the full benefit provided for under the policy covering her vehicle. Extending our holding in *Lane* to cover the facts of the present case would effectively render superfluous much of the statutory prohibition against stacking in § 38a-336 (d), which we cannot do. See *Segal* v. *Segal*, 264 Conn. 498, 507, 823 A.2d 1208 (2003) ("It is a basic tenet of statutory construction that the legislature did not intend to enact meaningless provisions. . . . Accordingly, care must be taken to effectuate all provisions of the statute. . . . Moreover, statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant . . . ." [Internal quotation marks omitted.]).

The plaintiff has failed to show the existence of any triable issue of fact, and, as explained previously, § 38a-336 (d) provides a legally sufficient and complete defense to the plaintiff's claim for underinsured motorist benefits under her parents' policy. Accordingly, we affirm the court's summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.